# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TODD X. RUTNER JACOBSON, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:07CR535DAK |

This matter is before the court on Defendant Todd Jacobson's motion for early termination of supervised release. On June 5, 2008, this court sentenced Defendant to eight months incarceration, a term of sixty months of supervised release, and restitution in the amount of $37,015.08. On April 8, 2009, this court found Defendant in violation of his supervised release conditions and sentenced him to five months incarceration, a term of fifty-four months of supervised release, and restitution in the amount of $37,015.08. On October 12, 2011, this court found Defendant in violation of his supervised release conditions and sentenced him to six months incarceration, a term of twenty-four months of supervised release, and the same amount in restitution. Defendant has currently been serving his supervised release for approximately thirteen months. Therefore, his supervised release is not set to terminate for another eleven months.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant's letter to the court states that he wants to put the past five years behind him. He states that he has been paying his restitution and is working out a financial agreement with the United States.  The court contacted Defendant's Probation Officer when it received Defendant's letter.  His Probation Officer verified that Defendant was working out a financial agreement and asked the court to wait until the agreement could be finalized.  His Probation Officer contacted the court again today and informed the court that Defendant's financial agreement with the United States did not materialize because of a lack of documentation and Defendant tested positive for marijuana last week.  Accordingly, his Probation Officer stated that he could not support early termination of Defendant's supervised release.  The court notes that Defendant's Probation Officer noted that Defendant has made some significant improvements in several ways, including in his relationships with his family.  However, based on the failure to reach a financial agreement with the government and Defendant's recent, positive drug test, the court

also believes that early termination would be improper. Accordingly, the court denies

Defendant's motion for early termination of supervised release.

DATED this 9th day of January, 2013.

_____
DALE A. KIMBALL
United States District Judge